[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2011
JOHN LEY
CLERK

No. 10-11807
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cr-60076-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN A. GULLETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 8, 2011)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

John A. Gullett appeals his 51-month sentence, imposed above his guideline

range of 27 to 33 months, after a jury convicted him of four counts of subscribing

to a false U.S. individual income tax return in violation of 26 U.S.C. § 7206(1).

Although it is disputed whether Gullet preserved his reasonableness challenge, we find his sentence to be both procedurally and substantively reasonable under either a plain-error or an abuse-of-discretion standard of review, for the following reasons. Gullett's 51-month sentence was procedurally reasonable. The district court properly considered the 18 U.S.C. § 3553(a) factors. Moreover, despite Gullett's contentions, the district court adequately explained at sentencing why a sentence within the guidelines range would not satisfy the § 3553(a) factors. Likewise, the district court's explanation of its reasons for varying upward was sufficiently justified to support the degree of the variance. *See Gall v. United States*, 552 U.S. 38, 50 (2007) (explaining that when a district court varies from the applicable guidelines range, the justification must be "sufficiently compelling to support the degree of the variance").

Gullett's 51-month sentence was also substantively reasonable. The district court did not err when weighing the § 3553(a) factors because it did not give undue weight to any particular factor and focused on the relevant factors in imposing its sentence. The record shows that the district court correctly calculated the guideline range, considered the§ 3553(a) factors, and heard Gullet's arguments in mitigation. The district court neither abused its discretion nor committed plain

error in concluding that an upward variance sentence was necessary to comply with the purposes of § 3553(a)—Gullett's sentence was appropriate to promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. *See* § 3553(a)(2)(A)–(C).

Gullett has failed to carry his burden of showing that his sentence was unreasonable. *See United States v. Pugh,* 515 F.3d 1179, 1189 (11th Cir. 2008). Accordingly, we affirm.

**AFFIRMED.**